

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 10, 2009**               **United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| FRONTIER FERTILIZER § | Case No. 09-50200-RLJ-7 |
| AND CHEMICAL CO., L.L.C., § | |
| § | |
| DEBTOR § | |

## MEMORANDUM OPINION

The Court considers the request of Terra Nitrogen Company, L.L.C. (Terra Nitrogen) that the automatic stay be lifted to allow it to effect a setoff as against the debtor, Frontier Fertilizer and Chemical Co., L.L.C. (Frontier). The Chapter 7 trustee, Myrtle McDonald (the "Trustee"), contends setoff is improper and the relief should be denied on the basis that Terra Nitrogen is not the counter-party to the contract under which Terra Nitrogen seeks the right of setoff. Hearing was held on September 22, 2009; the Court took the matter under advisement. Shortly thereafter,

-1-

counsel advised the Court the matter was settled. Several weeks later, counsel advised the Court that, in fact, the matter had not settled.

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b); this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## Background

(a) <u>Overview</u>

The motion before the Court was filed jointly by Terra Nitrogen and an affiliated company, Terra Industries, Inc. ("Terra Industries"). The motion was filed on July 7, 2009. By the time of hearing, September 22, 2009, the motion was prosecuted specifically and solely by Terra Nitrogen. Terra Nitrogen seeks stay relief to setoff a debt it contends it (as opposed to Terra Industries) owes Frontier in the amount of $366,407.74 against a claim it asserts against Frontier in the amount of $1,121,847.48.

(b) <u>Facts</u>

Terra Industries and Frontier are signatories to a "Prepay Sales Contract" dated July 31, 2008. Under the contract, Frontier, as buyer, agreed to purchase from Terra Industries, as seller, approximately 10,000 tons of 32% nitrogen solution over a shipping period of January 1, 2009 through March 30, 2009, at a price of "$515.00 per ton FOB." Exh. A. The contract required a prepayment by Frontier of $515,000 to Terra Industries, which represented 10% of the total contract. *Id*. Frontier paid the $515,000 to Terra Industries on August 4, 2008. Beginning in December of 2008, Frontier, in accordance with the contract, received shipments of the 32% nitrogen solution from Terra Nitrogen's plant in Verdigris, Oklahoma. Each shipment is evidenced by an invoice that includes a pro-rata credit of the prepayment amount against the

gross invoice amount, resulting in a 10% reduction of the total amount due for each shipment. The invoices were issued by "Terra Nitrogen" at 600 Fourth Street, Sioux City, IA; the invoices directed that payments be remitted to "Terra Nitrogen Corporation at P.O. Box 2690, Carol Stream, IL 60132-2690." Frontier failed to pay any of the invoices for the period from December 30, 2008 to January 10, 2009, and thus accumulated a debt of $1,121,847.48 for the unpaid invoices and associated late fees. At the end of that period, there was $366,404.78 of the original prepaid amount, the $515,000, yet to be credited against the contract.

  Ed Dillon, Vice President and corporate controller for Terra Nitrogen, testified that Terra Industries was acting as Terra Nitrogen's agent when it entered into the prepay contract with Frontier. He said that Terra Industries received a fee for services rendered on behalf of Terra Nitrogen in procuring the contract with Frontier. Dillon further testified that the shipped solution was from Terra Nitrogen's inventory maintained at its plant in Verdigris, and that the debt resulting from the nitrogen shipments was at all times ultimately owed to Terra Nitrogen. According to Dillon, Terra Industries served as the contracting agent for Terra Nitrogen; as a result, Terra Nitrogen carries on its books both the payable of $366,404.74 and the receivable of $1,121,847.48 arising from the prepay contract.

## Discussion

  Terra Nitrogen seeks stay relief so it can setoff the $366,407.74 against the $1,121,847.48. Section 553 of the Bankruptcy Code governs the issue of setoff in bankruptcy, providing:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against the debtor that arose before the commencement of the case…

11 U.S.C. § 553(a). (Supp. 2009). This provision "does not create a right of setoff; rather, section 553 preserves a party's right to setoff if such right exists outside of bankruptcy." *In re Gibson*, 308 B.R. 763, 766 (Bankr. N.D. Tex. 2002). This provision has been interpreted to be "permissive in nature, rather than mandatory." *In re Short*, 277 B.R. 683, 688 (Bankr. N.D. Tex. 2002). "Application of section 553(a), when properly invoked before a court, rests in the discretion of that court, which exercises such discretion under the general principals of equity." *Id*. at 688 (internal quotations omitted).

To establish a valid right of setoff under the Bankruptcy Code, a party must prove "(1) a debt owed by the creditor to the debtor which arose prior to the commencement of the bankruptcy case; (2) a claim of the creditor against the debtor which arose prior to the commencement of the bankruptcy case; and (3) the debt and the claim must be mutual obligations." *IRS v. Luongo (In re Luongo)*, 259 F.3d 323, 334 (5th Cir. 2001) (discussing *Braniff Airways Inc. v. Exxon Co.*, 814 F.2d 1030 (5th Cir. 1987)). The party asserting the right to setoff bears the burden of establishing the right to setoff. *In re Gibson*, 308 B.R. at 766.

As section 553 preserves a party's right to setoff, the Court looks to the applicable state law to determine if a right of setoff exists. The prepay sales contract provides that it is governed by the laws of the State of Oklahoma. Oklahoma recognizes a right to setoff mutual obligations. *See In re Commercial Fin. Servs., Inc.*, 251 B.R. 397, 405 (Bankr. N.D. Okla. 2000); *see also In re Republic Fin. Cap.*, 47 B.R. 766, 768 (Bankr. N.D. Okla. 1985).

The parties do not dispute that the claim and the debt here derive from the contract or that they arose prior to the bankruptcy filing. The issue here is whether Terra Nitrogen has met the last element, the mutuality requirement. Mutuality of obligations exists when the debts are "held

by the same parties in the same capacity and are valid and enforceable." *In re GPR Holdings, L.L.C.*, No. 01-36736-SAF-11, 2004 WL 3007080 at *4 (Bankr. N.D. Tex. Nov. 21, 2004); *see also In re Senior Living Props.*, 309 B.R. 223, 270 (Bankr. N.D. Tex. 2004). Thus, "each party must own his claim in his own right severally, with the right to collect in his own name against the debtor." *Braniff Airways*, 814 F.2d at 1036. Terra Nitrogen argues that the mutuality requirement is satisfied because Terra Industries, when it entered into the prepay contract with Frontier, was serving as Terra Nitrogen's agent, thus binding Terra Nitrogen to the contract as the undisclosed principal. The Trustee contends mutuality does not exist because Terra Nitrogen is not the counter-party to the contract.

Under the law of agency, an agent may bind a principal to a transaction without disclosing to the counter-party the identity, or even existence, of the principal. *See Builders Steel Co., Inc. v. Hycore, Inc.*, 877 P.2d 1168, 1173 (Okla. Civ. App. 1994); *Shenner v. Adams*, 148 P. 1023, 1025 (Okla. 1915); RESTATEMENT (THIRD) OF AGENCY § 6.03 (2006). A signature by an agent without any indication he is signing in an agency capacity serves to bind both the agent and the undisclosed principal to the contract as long as the agent acted within the authority granted by the principal or the principal later ratifies the contract. *See Lane v. Oklahoma-Lincoln, Inc.*, 583 P.2d 518, 519 (Okla. Civ. App. 1978); *see also* RESTATEMENT (THIRD) OF AGENCY § 6.03. The undisclosed principal is then construed to be a party to the underlying contract and is subject to the rights and obligations contained therein. RESTATEMENT (THIRD) OF AGENCY § 6.03. By failing to disclose his status as an agent, the agent himself remains liable on the contract along with the principal. *Lane*, 583 P.2d at 519; *see also* RESTATEMENT (THIRD) OF AGENCY § 6.03.

The counter-party to the contract may then enforce the contract against either the agent or the undisclosed principal. *Id*.

The burden of proving the "existence, nature, and extent of the agency relationship ordinarily rests upon the party asserting it." *Enter. Mgmt. Consultants, Inc. v. State ex. rel. Okla. Tax. Comm'n*, 768 P.2d 359, 362 (Okla. 1988). The principal's right to control the agent is the central factor in determining if an agency relationship exists. *Wathor v. Mutual Assurance Adm'rs, Inc.*, 87 P.3d 559, 566 (Okla. 2004). Here, Dillon testified that Terra Industries was acting as Terra Nitrogen's agent when the contract was entered into with Frontier. Dillon also testified that Terra Industries received fees for services rendered when acting as Terra Nitrogen's agent in procuring such contracts. Terra Nitrogen was responsible for performance under the contract once Terra Industries procured the prepay contract. Terra Industries's sole purpose in the transaction was to serve as Terra Nitrogen's agent in entering into the contract. Dillon's testimony was not contested or rebutted. The Court concludes that Dillon's testimony was accurate and credible. Furthermore, the Court cannot conceive of any reason for Terra Nitrogen (or any of the other "Terra" affiliates) to "manipulate" the identity of the parties to the transaction with Frontier. Terra Nitrogen and Terra Industries are part of a complex, multi-layered corporate organization of more than thirty entities. See Exh. 3. Had the motion been simply prosecuted by Terra Industries, Inc., the named party to the contract, the Court is skeptical that any issue would have arisen. With Terra Nitrogen seeking relief, the issue of mutuality was flagged.

When Terra Industries entered into the prepay contract with Frontier as the agent of Terra Nitrogen, Terra Nitrogen was bound to the contract as the undisclosed principal of Terra Industries. Terra Nitrogen is thus able to enforce the prepay contract and is likewise obligated to

Frontier as the undisclosed principal under the contract. The debt and obligations arising under the prepay contract are enforceable by Terra Nitrogen and Frontier, respectively. The mutuality requirement is satisfied.[1]

## Conclusion

In accordance with the foregoing, the Court grants the relief requested by the motion. The Court will prepare an order.

### End of Memorandum Opinion ###

---

[1] Terra Nitrogen also asserted, in the alternative, a right of recoupment. Given the Court's conclusion on the setoff issue, the Court need not address the claim of recoupment.